IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,104-01






EX PARTE PAUL ALLEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W00-53134-U IN THE 291ST DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). On October 26, 2000, Applicant pleaded
guilty to aggravated assault with two prior sequential felony convictions, and received ten years'
deferred adjudication community supervision. On November 12, 2004, he pleaded "true" to
violating the terms of his community supervision, and was adjudicated guilty and sentenced to
twenty-five years' imprisonment, the minimum sentence for the habitual felony offense to which he
originally pleaded guilty. Applicant filed a pro se notice of appeal, and appellate counsel was
appointed. 

 The sole issue raised on direct appeal was that the trial court's judgment reflected an
incorrect date of the motion to adjudicate. The Fifth Court of Appeals affirmed the judgment as
modified to reflect the correct date. Allen v. State, No. 05-06-00470-CR (Tex. App. - Dallas, July
10, 2006, no pet.).

 In his application, Applicant alleges that appellate counsel was ineffective for failing to either
raise errors which would lead to reversal of his conviction, or file an Anders brief and give him the
opportunity to file a pro se response. The trial court made findings of fact and conclusions of law
that were based on Applicant's allegations and an affidavit from appellate counsel. The trial court
recommended that Applicant be granted an out-of-time appeal.

 However, the trial court's conclusions of law and recommendation are not supported by the
law applicable at the time of Applicant's appeal. The law in effect on the date upon which Applicant
was adjudicated guilty did not allow for an appeal from the determination to proceed with
adjudication. See former Tex. Code. Crim. Proc. Art. 42.12, Sec. 5(b)(2003). Applicant's appeal
was limited to issues arising from the sentence after adjudication. In this case, Applicant pleaded
"true" and received the minimum available sentence. Applicant does not allege what meritorious
points of error could have been raised that would have resulted in the setting aside of his sentence. 
He fails to show that he was prejudiced by appellate counsel's failure to file an Anders brief. 
Therefore, we deny relief.


Filed: September 12, 2012

Do not publish